ANNUAL AUDIT — CITY OR TOWN Funds received under the State and Local Fiscal Assistance Act of 1972, are funds for a particular purpose and are credited to the special fund and are not income to be credited to the general fund of cities and towns under the provisions of 11 O.S. 20.2 [11-20.2] (1971) for purposes of annual audits. The Attorney General is in receipt of your request for an opinion wherein you, in effect, ask the following question: Whether an annual audit is required of a governing body of a city or town, when that city or town does not have Twelve Thousand Dollars ($12,000.00) or more to the general fund except in instances where federal revenue sharing funds are included to the general fund of that city or town? Title 11 O.S. 20.2 [11-20.2] (1971) sets forth the general provisions relative to annual audits of books and accounts of cities and towns. Section 20.2, supra, provides as follows: "The governing body of each city and town with an income of Twelve Thousand Dollars ($12,000.00) or more to its General Fund during its fiscal year shall cause to be prepared, by an independent qualified accountant, who does not have to be a Certified Public Accountant, an annual audit of the funds, assets, books and records of the clerk and treasurer thereof, same to be completed and filed at the close of each fiscal year and thereafter, according to the following schedule of populations as fixed by the last Federal Census; in those of more than five thousand (5,000) by July 1, 1969; in those between five thousand (5,000) and three thousand (3,000) by July 1, 1970; in those between three thousand (3,000) and two thousand (2,000) by July 1, 1971; in those between two thousand (2,000) and one thousand (1,000) by July 1, 1972; in those of less than one thousand (1,000) by July 1, 1973. Certified copies shall be filed with the county clerk and the State Auditor within nine (9) months after the close of the fiscal year in accordance with the provisions of Sections 24102 and 24103 of Title 68. The expense of such audit shall be paid from the general fund of the city or town." As to what funds constitute a proper part of the general fund, 81 C.J.S. States, 158, sets forth the general rule of law: "Public money and revenue coming into the state treasury, not authorized to be placed in a separate fund and not given or paid over in trust for a particular purpose, constitute a part of the general fund of the State. Special funds must be administered and expended in accordance with the statutes creating them." As to your specific inquiry regarding the inclusion of federal revenue sharing funds to the general fund of a local government, we must refer to the "State and Local Fiscal Assistance Act of 1972", Public Law 92512, Ninety-second Congress, H.R. 14370, October 20, 1972. Section 103(a) provides that: "Funds received by units of local government under this subtitle may be used only for priority expenditures. For purposes of this title, the term 'priority expenditures' means only — "(1) ordinary and necessary maintenance and operating expenses for — (A) public safety (including law enforcement, fire protection, and building code enforcement), (B) environmental protection (including sewage disposal, sanitation, and pollution abatement), (C) public transportation (including transit systems and streets and roads), (D) health, (E) recreation, (F) libraries, (G) social services for the poor or aged, and (H) financial administration; and "(2) ordinary and necessary capital expenditures authorized by law." (Emphasis added) Section 51.40(a) of subpart E of the federal Act requires each unit of local government to establish a trust fund to receive federal revenue sharing and states: "A recipient government which receives entitlement funds under the Act shall: "(a) Establish a trust fund and deposit all entitlement funds received and all interest earned thereon in that trust fund. The trust fund may be established on the books and records as a separate set of accounts, or a separate bank account may be established." It is therefore clear that under the provisions of the State and Local Fiscal Assistance Act of 1972, all entitlement funds received by local governmental units must be placed in a special trust fund and used only for priority expenditures heretofore set forth and contained within the State and Local Fiscal Assistance Act of 1972. The State and Local Fiscal Assistance Act of 1972 makes clear that the funds are to be administered and expended in accordance with the Act creating them and sets forth that the trust created for the reception of the entitlement funds may be optionally established on the books and records as a separate set of accounts, or a separate bank account. Accordingly, funds received by the local governmental units under the terms of the federal Act are accepted for a particular and specific purpose and are to be maintained as a separate fund and cannot properly be placed in a general fund of a local governmental unit, and any transfer of such monies wrongfully or by mistake to local general funds is in effect a violation of the State and Local Fiscal Assistance Act of 1972, and an ineffectual transfer not affecting the legal financial status of local governmental units under the provisions of 11 O.S. 1971 20.2 [11-20.2]. See 81 C.J.S. States, 158, supra. It is, therefore, the opinion of the Attorney General that your question be answered in the negative in that funds received under the State and Local Fiscal Assistance Act of 1972, are funds for a particular purpose and are credited to the special fund and are not income to be credited to the general fund of cities and towns under the provisions of 11 O.S. 20.2 [11-20.2] (1971) for purposes of annual audits. (Nathan J. Gigger)